UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLINT E. CLARK,<br>             Plaintiff,<br><br>         v.<br><br>BUREAU OF PRISONS *et al.*,<br>             Defendants. | Civil Action 03-0859  (HHK) |

MEMORANDUM OPINION

This matter brought under the Privacy Act, 5 U.S.C. § 552a, is before the Court on defendants' motion for summary judgment. As recounted in the Memorandum Opinion and Order of February 26, 2004, plaintiff sued the Bureau of Prisons ("BOP") and three employees of the Federal Correctional Institution in Marianna, Florida ("FCI Marianna"), for allegedly disclosing his "sensitive" medical records containing information about his HIV/AIDS history. He seeks monetary damages exceeding $50,000. The Court dismissed the individually named defendants, maintaining claims only against the BOP. Upon consideration of the parties' submissions, the evidence presented on the disclosures at issue, and the entire record, the Court will grant defendants' motion for summary judgment and dismiss the case.

I.  BACKGROUND

Plaintiff's complaint initially stemmed from two separate disclosures during his confinement at the Federal Correctional Institution in Marianna, Florida ("FCI Marianna"). The first disclosure was made to Associate Warden W. Elaine Chapman in April 2002 upon plaintiff's request to the BOP Director for medical care. The second disclosure was made to an inmate in October 2002 by a dental hygienist. Mem. Op. at 2. In the pending summary judgment motion, defendant also addresses an alleged disclosure by Correctional Counselor Julio Piniero

to plaintiff's cellmate and one allegedly made to Escort Officer John Alongis by the FCI Marianna medical staff.  *See* Deft's Statement of Material Facts as to Which There is No Genuine Issue at 2-3 ("Deft's Facts"); Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment at 3.  The Court did not previously consider these facts as supporting a claim, s*ee* Mem. Op. at 2, perhaps because it appears from the first (and only) amended complaint that plaintiff recounted those conversations only as background information.  *See* Amended Complaint [Doc. No. 5] at 3-4.  Plaintiff neither brought these omissions to the Court's attention on a motion to reconsider nor did he, through appointed counsel, seek to amend the complaint.  Since the parties have briefed the issues surrounding the additional disclosures, the Court will treat them as amendments to the first amended complaint and address them accordingly.

## II. DISCUSSION

The Court should grant summary judgment in favor of a party if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h).  The Court must view the evidence in favor of the nonmoving party and believe and give benefit of all reasonable inferences drawn from the nonmoving party's evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  As a general rule, "[i]n deciding whether there is a genuine issue of fact before it, the

court must assume the truth of all statements proffered by the party opposing summary judgment." *Greene v. Dalton*, 164 F.3d 671, 674 (D.C. Cir. 1999).  "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available." *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994) (citing *Alveska Pipeline Serv. Co. v. United States Envtl. Protection Agency*, 856 F.2d 309, 314 (D.C. Cir. 1988)).  Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

Plaintiff claims that each disclosure violated subsection (b) of the Privacy Act, which provides that "[n]o agency shall disclose any record … to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains," subject to enumerated exceptions.  5 U.S.C. § 552a(b).  Plaintiff alleges that as a result of the unlawful disclosures, he has been subjected to discrimination and retaliation by BOP staff and inmates.  The Court previously determined that the disclosure of plaintiff's medical records to Associate Warden Chapman clearly was authorized insofar as the Privacy Act specifically excepts from the proscription disclosures made "to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties."  5 U.S.C. § 552a(b)(1).  *See* Mem. Op. at 3.

    1.  <u>Disclosure by Dental Hygienist Jenny Andreasen</u>

The Court found "problematic" the dental hygienist's disclosure of plaintiff's medical records to another inmate.  *See id*. at 3.  It is undisputed that in October 2002 while treating plaintiff at the prison's dental clinic, Andreasen showed plaintiff's medical chart to an inmate.  *See* Deft's Facts at 2 ¶¶ 3-6.  According to Andreasen and the inmate to whom the record was shown, Errick Dorsey, Andreasen stopped Dorsey as he walked by her and asked him if he could

decipher a word on plaintiff's chart. Deft's Exh. 1 (Andreasen Deposition) at 17-19, 22. Dorsey said that he could not. Deft's Exh. 1 at 22; Exh. 2 (Dorsey Deposition) at 17-18. They both testified that the exchange took one to three seconds. Exh. 1 at 22; Exh. 2 at 18. Andreasen testified that she covered most of the chart to reveal only the word she could not decipher. Exh. 1 at 14-19. Plaintiff disputes this version. He claims that Andreasen left the chart open and exposed in its entirety, revealing references to his HIV status. Pltf's Opp. at 5-6 (citing deposition). According to plaintiff, the exchange lasted thirty seconds. Pltf's Exh 1 (Clark Deposition) at 45. The parties' conflicting versions are enough to create a triable issue on this disclosure.[1]

    2. <u>Disclosure by Correctional Counselor Julio Piniero</u>

Plaintiff alleges that his former cellmate, Cedric Bellard, told him in September 2002 that Piniero told Bellard about plaintiff's HIV status. Piniero testified that as a counselor at FCI Marianna, he had no access to plaintiff's medical records and did not know about plaintiff's HIV status. Deft's Ex. 4 (Piniero Deposition) at 9-11. Moreover, Pineiro testified that he did not discuss plaintiff's medical condition with Bellard and "vehemently" disputes that Bellard learned about plaintiff's HIV status from him. *Id*. at 16. Other than his own hearsay statement, plaintiff has presented no contradicting evidence.[2] Moreover, there is absolutely no evidence that Piniero

---

[1] Defendant cites without explanation *Tobey v. National Labor Relation Board*, 40 F.3d 469, 472 (D.C. Cir. 1994) and *King v. Califano*, 471 F. Supp. 180, 181 (D.D.C. 1979) for the proposition that no disclosure occurred because the information was not intelligible. Deft's Mem. at 4. The Court discerns little, if any, support for defendant's position in those cases.

[2] Plaintiff's suggestion that the Court deny the motion pertaining to the Piniero disclosure because BOP has somehow hindered his ability to depose Bellard, *see* Pltf's Opp. at 11-12, is baseless inasmuch as Bellard was no longer in BOP's custody at the time of discovery, *see* Deft's Reply at 5; Pltf's Opp. at 11, and plaintiff has provided no evidence establishing that BOP has any more means than plaintiff to compel Bellard's cooperation. In any event, the accusation was not raised during discovery and thus comes too late.

disclosed a record or information obtained from a record. *See Bartel v. F.A.A.,* 725 F.2d 1403, 1408 (D.C. Cir. 1984) ("the Act prohibits nonconsensual disclosure of any information that has been retrieved from a protected record."); *Chang v. Department of Navy*, 314 F. Supp.2d 35, 40 (D.D.C. 2004) ("Determining that a system of records exists from which the document at issue was retrieved is a prerequisite to a substantive Privacy Act claim."). Nor is there any evidence from which a reasonable inference of such a disclosure may be drawn. The Court therefore concludes that no reasonable juror could find a Privacy Act violation resulting from this allegation.

      3. <u>Disclosure to Escort Officer John Alongis</u>

Plaintiff alleges that while escorting him for medical treatment in January 2003, Alongis told him that the medical staff informed him about plaintiff's HIV status. He implies that any information conveyed by the medical staff must have come from his medical records. *See* Pltf's Opp. at 9-11. Alongis testified that he does not recall plaintiff or having made such a statement. He added that "I wouldn't have thought that I would have said something like that." Deft's Exh. 5 (Alongis Deposition) at 13. Moreover, Alongis testified generally that the medical staff has never told him about a prisoner's medical condition or that he was transporting a HIV-positive prisoner. *Id*. at 17. Because the Court may not weigh the credibility of the witnesses, it will assume for purposes of the pending motion that plaintiff has presented a triable issue on this disclosure, albeit a weak one. *Cf. Doe v. United States Postal Service*, 317 F.3d 339, 342-43 (D.C. Cir. 2003) (summary judgment precluded by circumstantial evidence suggesting that a supervisor obtained information from an employee's records and then verbally disclosed the employee's HIV status to other staff).

4. Plaintiff's Claim for Damages

BOP contends that even if the disclosures were improper, plaintiff cannot recover monetary damages because he cannot show that BOP staff acted intentionally or willfully or that he suffered adversely. An agency is liable for damages under the Privacy Act only if the "court determines that the agency acted in a manner which was intentional or willful." 5 U.S.C. § 552a (g)(4). The standard is high. To establish intentional or willful conduct, plaintiff must show that the agency "acted with something greater than gross negligence . . . without grounds for believing it to be lawful . . . or by flagrantly disregarding others' rights under the Act. The violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." *Deters v. United States Parole Commission*, 85 F.3d 655, 660 (D.C. Cir. 1996) (citations and internal quotation marks omitted).

Plaintiff has not identified either the individual(s) responsible for the alleged disclosure to Alongis or the source of the information. Consequently, he has provided no evidence for presentation to a jury on the intent requirement.[3] He therefore cannot sustain his claim for damages arising from the disclosure the medical staff allegedly made to Alongis.

With respect to the Andreasen disclosure, the parties' dispute over how long and to what extent plaintiff's medical chart was exposed to Dorsey, coupled with Andreasen's acknowledgment that the disclosure was wrong [Deft's Exh. 1 at 10-11], presents a triable issue on whether Andreasen flagrantly disregarded plaintiff's rights. That said, the claim cannot proceed because plaintiff has not shown that the disclosure caused him to suffer an adverse effect

---

[3] To survive this summary judgment motion, plaintiff must present some "factual detail" to support his claims. *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000); *see id.* ("[T]here would come a time [beyond a Rule 12(b)(6) motion to dismiss] when Kreiger would have to identify the particular records Fadely unlawfully disclosed.").

or to sustain actual damages. Under § 552a(g)(4) of the Privacy Act, an agency may be liable for "actual damages sustained by the individual as a result of the refusal or failure," *id.*, "to comply with any other provision of this section . . . in such a way as to have an adverse effect on an individual." 5 U.S.C. § 552a (g)(1)(D) and (g)(4)(A). To "qualify for the minimum statutory award of $1,000," plaintiff "must prove some actual damages." *Doe v. Chao*, 450 U.S. 614, 616, 124 S.Ct. 1204, 1206 (2004). Plaintiff alleges generally that because of his known HIV status, he was subjected to discrimination and retaliation by prison staff and inmates. Nothing in the record, however, connects the alleged adverse effect, *i.e.*, plaintiff's maltreatment, with the disclosure at issue. There is no evidence showing that the Andreasen disclosure went beyond Dorsey. To the contrary, Dorsey testified that he did not decipher anything on the chart and did not know about plaintiff's HIV status until he was told about it during the taking of his deposition in this case. Deft's Exh. 2 at 22-23. By plaintiff's own admission, his status could have been revealed through a number of sources not privy to his medical records. He testified that other inmates knew about his HIV status and that his condition could have been deduced by anyone who saw his medications, which he did not conceal. Deft's Exh. 6 (Clark Deposition) at 60-67.

      Plaintiff has failed to proffer any evidence from which a reasonable juror could find or infer that the alleged discriminatory and retaliatory acts in 2002-03 were the result of the Andreasen disclosure to Dorsey. Consequently, plaintiff has not shown, and cannot show, that he suffered an adverse effect or sustained actual damages from the Andreasen disclosure. Summary judgment is warranted on the damages claim.

5. Plaintiff's Constitutional Claims

Plaintiff asserts that he may proceed on his constitutional claims based on the unlawful disclosures.  Pltf's Opp. at 12.  The Privacy Act's comprehensive remedial scheme governing the maintenance and use of agency records precludes a separate constitutional claim.  *See Chung v. U.S. Department of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003) (affirming the dismissal of constitutional claims as "encompassed within the remedial scheme of the Privacy Act"); accord *Spagnola v. Mathis,* 859 F.2d 223, 228-29 (D.C. Cir.1988).

For the preceding reasons, the Court grants defendant's motion for summary judgment.  A separate Order accompanies this Memorandum Opinion.

_____s/_____
HENRY H. KENNEDY, Jr.
DATE: November 14, 2005           United States District Judge